UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA CAPITO BLANCHARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICO FINANCIAL LIFE AND ANNUITY INSURANCE COMPANY, <br><br> Defendant. | Case No. 23-cv-04087-PCP <br><br> **ORDER ON MOTION TO DISMISS** <br><br> Re: Dkt. Nos. 31, 33, 40 |

This is the second of four related cases in which putative classes of California public school teachers claim that insurance companies charged fees for deferred indexed annuity plans in violation of Sections 25101 and 25107 of the California Education Code and the California Unfair Competition Law. The Court addressed this statutory framework in depth in the first of these cases, *Hoffman v. Life Insurance Company of the Southwest*, ––– F. Supp. 3d. ––––, 2024 WL –––––––– (N.D. Cal. 2024) (Dkt. No. 80 in Case No. 23-cv-04068). This order assumes familiarity with that background and analysis and applies the same legal standards to the similar claim here against defendant Americo Financial Life and Annuity Insurance Company.

Plaintiffs' UCL unlawful prong claim is based on an alleged violation of Section 25107, which provides that "[a] vendor may not charge a fee associated with a registered 403(b) product that is not disclosed, pursuant to Section 25101." The complaint alleges that Americo routinely charges fees on its 403(b) products which are not disclosed on 403bCompare.com. The complaint asserts that this conduct also violates the unfair prong.

Both named plaintiffs purchased a plan they claim Americo never registered. As discussed in *Hoffman*, however, Section 25107 only prohibits charging fees associated with *registered* plans.

Plaintiffs cannot establish a Section 25107 violation based on unregistered plans.[1] The claim under the UCL's unlawful prong for violating Section 25107 must therefore be dismissed. As in *Hoffman*, this dismissal is without leave to amend. Plaintiff's claim that the same conduct violates the UCL's unfair prong is dismissed with leave to amend for the same reasons as in *Hoffman*. An amended complaint, if plaintiffs choose to file one, shall be due August 8, 2024.

Finally, Americo's request that the Court take judicial notice of two legislative documents and the "Vendor Frequently Asked Questions" page on 403bCompare.com is granted for the same reasons as the similar requests in *Hoffman*. Plaintiffs' request for judicial notice, nearly identical to their request in *Hoffman*, is also granted.

**IT IS SO ORDERED.**

Dated: July 17, 2024

P. Casey Pitts
United States District Judge

---

[1] The complaint also alleges that there are five annuity plans that Americo *has* registered on 403bCompare.com. But even if Americo did charge fees associated with these plans in violation of Section 25107 (which the current allegations do not clearly establish because, as explained in *Hoffman*, cap, spread, and participation rates do not constitute fees), these two plaintiffs do not allege that they purchased any of these plans, and therefore cannot allege the economic injury required to state a UCL claim based on these purported violations.

2